**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 9:24-cv-81374-ROSENBERG/REINHART

D.J.

                              *Plaintiff,*

v.

FOREST TRAIL ACADEMY, LLC,
ATLANTIS LEADERSHIP ACADEMY,
LLC, RANDALL COOK, LISA COOK,
PAUL LUKE, UNITED SECURE YOUTH
TRANSPORT AGENCY, LLC,

                              *Defendants.*

**DEFENDANT FOREST TRAIL ACADEMY, LLC'S MOTION TO DISMISS**
**COUNTS I, IV, IX, X, XIII, XVI, XIX, XXIII, AND XXIV**
**AND MEMORANDUM OF LAW**

Defendant, FOREST TRAIL ACADEMY, LLC ("Forest Trail"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Counts I, IV, IX, X, XIII, XVI, XIX, XXIII, and XXIV of Plaintiff's Complaint.

**INTRODUCTION**

Plaintiff's Complaint alleges that when he was a minor, his parents sent him to a youth center in Jamaica run by Atlantis Leadership Academy ("Atlantis"), where he and other minors were beaten, tortured, forced to complete manual labor, and otherwise severely harmed. These allegations are clearly disturbing if true. In addition to Atlantis and its founders and owners, Plaintiff named United Secure Youth Transport Agency ("USYTA") and its employee as Defendants. Plaintiff alleges USYTA and its employee brought minors to Atlantis' center in Jamaica, knew or should have known of the various observable misconduct, and are liable for these harms based on various theories.

Plaintiff also named Forest Trail, the only Florida defendant, in this litigation, to establish venue in the Southern District of Florida. Forest Trail is a nationally and internationally accredited online school that provides online education services to students throughout the world. Atlantis was one institution that obtained the online education services of Forest Trail. Forest Trail did not provide lessons through Zoom or otherwise see students at Atlantis. Rather, it provided software and pre-recorded school lessons to Atlantis, graded student submissions, issued diplomas, and was paid by Atlantis for its services.

The allegations and causes of action in the Complaint against Forest Trail—ranging from duties to act *in loco parentis* with students and to protect them from Atlantis' alleged abuses, to engaging in various frauds, conspiracies, and child trafficking—are without any factual basis and rely on conclusory allegations to support Plaintiff's jurisdiction hook in this State. There is no factual basis that Forest Trail saw or spoke to students, ever visited Atlantis' center, knew or could have known of any abuses that occurred, or otherwise engaged in any misconduct. All causes of action against Forest Trail, detailed below, should be dismissed.

## STATEMENT OF FACTS

1.      In October 2015, Forest Trail and Atlantis entered into an "Agreement by and Between Forest Trail Academy, LLC and Atlantis Leadership Academy" (the "Agreement"), which noted that Forest Trail creates online education courses, delivers them over the internet through a software system / dashboard it owns, grades student work and issues report cards, issues high school diplomas for students who graduate, any provides online administrative technical support when IT issues arise. *See* Exhibit 1, p. 1, 4-5.[1] For its services, Forest Trail was to be paid tuition by Atlantis for each student enrolled. *Id.*, p. 6.

---

[1] Forest Trail is currently only in possession of the Agreement signed by Randall Cook of Atlantis and cannot locate the mutually signed Agreement. "However, a court can enforce a written contract despite the

2.      Despite Forest Trail's minimal involvement with Atlantis—providing pre-recorded online courses, grading work, issuing credits and diplomas, and maintaining its software—Plaintiff has alleged, based on mere conclusory allegations, that it is liable for a variety of torts.

3.      Plaintiff alleges that Atlantis represented that it was a safe environment that would meet his needs and provided education through a "fully accredited USA online school," that his parents sent him to attend Atlantis between 2020-2022, and that he was physically abused, neglected, tortured, and trafficked by being forced to do manual labor while attending Atlantis. (D.E. 1, ¶ 8, 72, 82, 93-97).

4.      As to Forest Trail, Plaintiff alleged the following causes of action: I – Negligence; IV – Negligent Infliction of Emotional Distress; IX – Civil Conspiracy (as to "All Defendants"); X – Fraudulent Concealment; XIII – Conspiracy to Commit Fraudulent Concealment; XVI – Fraudulent Misrepresentation; XIX – Conspiracy to Commit Fraudulent Misrepresentation; XXIII – Conduct in Violation of the Trafficking Victim Protection Reauthorization Act, 18 U.S.C. §§ 1589(b), 1595 (as to "All Defendants") and; XXIV – Conduct in Violation of the Trafficking Victim Protection Reauthorization Act, 18 U.S.C. § 2255. Plaintiff has provided no factual basis to support these causes of action, but only conclusory allegations, and Counts I, IV, IX, X, XIII, XVI, XIX, XXIII, and XXIV should be dismissed.

---

absence of a party's signature if other facts or circumstances establish mutuality or assent." *Morali v. Mayan*, 377 So. 3d 1182, 1184 (Fla. 4th DCA 2024) (reversing the trial court's order disregarding the contract due to the absence of a signature). Here, the parties signed only one contract under which Forest Trails provided educational courses to Atlantis. If this Agreement were to be disregarded, Plaintiff's claims against Forest Trail would fail. A district court should consider a document attached to a Motion to Dismiss when, like here, the document is central to plaintiff's claim and is undisputed. *Day v. Taylor*, 400 F.3d 1272 (11th Cir. 2005).

## **LEGAL STANDARD**

The U.S. Eleventh Circuit has established a framework to apply when ruling on a Motion to Dismiss:

> To decide whether a complaint survives a motion to dismiss, we use a two-step framework. First, we identify the allegations that are "no more than conclusions." Conclusory allegations are not entitled to the assumption of truth. Second, after disregarding conclusory allegations, we assume any remaining factual allegations are true and determine whether those factual allegations "plausibly give rise to an entitlement to relief."

*McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citations omitted). While a plaintiff may structure a complaint by using legal conclusions, "legal conclusions 'must be supported by factual allegations.'" *Id.* (citation omitted). Conclusory allegations are discarded not because "'they are unrealistic or nonsensical,' but because their conclusory nature 'disentitles them to the presumption of truth.'" *Id.* (citation omitted) (disregarding the allegations that the defendants created an illegal scheme to increase revenue by jailing them, and noting the "absence of allegations about any individual acts" or even that defendants were present); *see also Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248-49 (11th Cir. 2005) (holding that "[b]ald assertions," "speculations," and "unwarranted deductions of fact" are insufficient to overcome a Rule 12(b)(6) motion, and rejecting the inference that police knew of the alleged torture based on allegations of close spatial proximity (citations omitted)).

## **MEMORADUM OF LAW**

### *Counts I and IV Fail to State Causes of Action for*
### *Negligence or Negligent Infliction of Emotional Distress*

In Count I, Plaintiff alleges that Forest Trail had duties to "ensure the safety and protect the health and welfare" of him while he was at Atlantis and to "act *in loco parentis* for" the minors there. (D.E. ¶ 115-16). Plaintiff alleges a variety of theories as to how these duties were breached

in subparts a.-ee. (D.E. 1, ¶ 19). In summary, Plaintiff alleges that Forest Trail negligently did not implement safety policies to protect minors, permitted Atlantis' staff to abuse them, did not report child abuse, obstructed or lied to authorities, did not conduct sufficient background checks of its employees or failed to supervise them, falsely promoted or marketed Atlantis, and accredited Atlantis as an educational institution. (D.E. ¶ 19). Count IV similarly alleges that Forest Trail "owed a duty to act *in loco parentis* for the minor children," and breached duties allowing Plaintiff to suffer abuse by Atlantis.

"A duty may arise from four sources: '(1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case.'" *10 Minute Fitness Inc. v. Amentum Services, Inc.*, 679 F. Supp. 3d 1374, 1379 (S.D. Fla. 2023) (citation omitted). Here, there is no applicable legislation, regulations, or precedent to support the imposition of a duty. Nor do the facts of this case—Forest Trail selling pre-recorded educational courses to an overseas institution, grading papers, *etc.*—impose any duty on Forest Trail to safeguard the welfare of children from those caring for them. Even in-person schools with students on their premises— rather than an online education program that never sees students—do not have such duties. *See Wyke v. Polk Cnty. Sch. Bd.*, 129 F.3d 560, 569 (11th Cir. 1997) (collecting cases and holding that schools do not have an affirmative duty to protect minors that attend them). There is simply no basis for a legal duty of an online education service provider to protect the physical safety of students in another country.

Plaintiff's remaining allegations against Forest Trail are conclusory and without any factual basis. Plaintiff alleges that Forest Trail failed to adequately background check or train its employees, but Plaintiff does not allege that any of these employees harmed him, rather that

employees of Atlantis did. Plaintiff also alleged that Forest Trail "[a]ssisted in the transportation of minor children to" Atlantis, but Plaintiff's own allegations are that UTYSA did this, and the Agreement shows clearly that transportation was not a service provided by Forest Trail. Plaintiff alleges in conclusory fashion that Forest Trail lied to, deceived, and obstructed authorities, and its employees apparently fled from these authorities; these allegations are again without any factual basis, and Plaintiff's Complaint (¶ 75-76) only alleges investigations or charges against Atlantis and its employees. At no point does Plaintiff allege how (or when or who) Forest Trail could have possibly known that the students whose papers it graded (and who watched Forest Trail's pre-recorded lessons) were being abused. *See Doe v. Bd. of Educ. of City of Chicago*, 611 F. Supp. 3d 516, 528 (N.D. Ill. 2020) (ruling that the complaint "falls far short" of stating a claim where it failed "to adequately plead *who* possessed the requisite knowledge" of the abuse and noting that "[s]chool administrators have actual knowledge only of the incidents that they witness or that have been reported to them" and the plaintiffs did not "set forth *facts* suggesting that any school official with the requisite authority knew about the alleged abuse"); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291 (1998) (finding no actual or imputed notice to the school of a teacher's sexual harassment of student, where the principal was only notified by other students' parents of "inappropriate comments during class, which was plainly insufficient").

Counts I & IV, Plaintiff's claims for Negligence and Negligent Infliction of Emotional Distress against Forest Trails fail to state causes of action as there is no basis for a duty for Forest Trails to have protected the physical safety of children overseas, and the remaining allegations are conclusory and without factual basis.

### Count IX Fails to State a Cause of Action for Civil Conspiracy

Count IX, against all Defendants, alleges that Atlantis and its employees, UTYSA and its employees, and Forest Trail engaged in a broad conspiracy to combine their resources to operate a youth boarding school, conduct and conceal child abuse and torture, and benefit from it. (D.E. ¶ 198-217). As to Forest Trail specifically, Plaintiff alleges that its accreditation of Atlantis "effectively" promoted Atlantis and reinforced its legitimacy, and that Forest Trail was motivated by financial profit. (D.E. ¶ 206).

To state a cause of action for civil conspiracy, "a plaintiff must allege: '(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.'" *Corbett v. Transp. Sec. Admin.*, 968 F. Supp. 2d 1171, 1190 (S.D. Fla. 2012) (citation omitted). "A civil-conspiracy claim must "set forth clear, positive, and specific allegations of civil conspiracy," and "[g]eneral allegations of conspiracy are inadequate." *Id.*[2] (citations omitted).

"[Although] a conspiracy may be proven by circumstantial evidence, this may be done 'only when the inference sought to be created by such circumstantial evidence outweighs all reasonable inferences to the contrary.'" *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1345-46 (S.D. Fla. 2018). In *Honig*, the Court found that the alleged conspirator must "know of the scheme and assist in it in some way" and that "allegations that the co-conspirators were 'engaged in the same scheme,' alone, are insufficient to state a claim for civil conspiracy." (citations omitted). There, the plaintiff alleged that the defendants engaged in a conspiracy to recruit sales agents to solicit sales

---

[2] *Id.* at 1191 (finding that the complaint failed to state a claim for civil conspiracy where it alleged that the county and TSA conferred and lied in response to a public records request, as the allegations were "too nonspecific and insufficient" to infer an agreement to act unlawfully).

of investments through false representations, creating a "Ponzi scheme." *Id.* at 1346. The Court noted that "there must be some underlying tort or wrong to state a claim for conspiracy" and "negligence claims cannot serve as the basis for the civil conspiracy claims" as people "cannot agree to be negligent," and concluded that there were insufficient allegations that the defendants agreed to commit unlawful acts.

Here, Plaintiff alleges that Forest Trail's accreditation of Atlantis "effectively" promoted it as an institution that would provide educational services and reinforced Atlantis' legitimacy, and Forest Trail made money from its relationship with Atlantis. (D.E. ¶ 206). The only substantive, factual assertions Plaintiff makes are that (1) Forest Trail accredited Atlantis by providing educational services and (2) did so in exchange for money. This is business, memorialized in a contract, not an "underlying tort" necessary for a conspiracy. The Complaint includes no factual basis to support that Forest Trail knew of any abuse committed by Atlantis—nevertheless conspired to commit child abuse with Atlantis—and its allegations of Forest Trail accrediting Atlantis and providing online education services fall far short of what is needed to state a cause of action for civil conspiracy.

### *Counts X, XIII,  XVI, and XIX Fail to State Causes of Action for Fraudulent Concealment, Fraudulent Misrepresentation, and Conspiracies to Commit These Torts*

In Count X, Plaintiff alleges that Forest Trail committed Fraudulent Concealment. Reciting the allegations in Count IX that Forest Trail's accreditation of Atlantis "effectively" promoted it as an institution that would provide educational services and reinforced Atlantis' legitimacy and Forest Trail made money from doing business with Atlantis, Plaintiff adds that Forest Trail concealed knowledge about abuse committed at Atlantis' institution in Jamaica, and removed any affiliation with Atlantis from its website after Jamaican authorities removed children from the

center.[3] (D.E. ¶ 218-37). In Count XVI, Fraudulent Misrepresentation, Plaintiff substitutes "misrepresented" for "concealed," and alleges that Forest Trails mispresented knowledge about Atlantis' center and the child abuse occurring there and misrepresented that Atlantis was an accredited educational institution that Forest Trail partnered with. (D.E. ¶ 332-54). Plaintiff further recited representations made by Atlantis regarding its program and claims that, through accrediting Atlantis, Forest Trails fraudulently misrepresented Atlantis' own statements regarding its program. (D.E. ¶ 337i.-o.).

"Under Florida law, a claim for fraudulent concealment is the same as one for fraudulent misrepresentation." *Dugas v. 3M Co.*, 101 F. Supp. 3d 1246, 1253 (M.D. Fla. 2015); *see also Grills v. Philip Morris USA, Inc.*, 645 F. Supp. 2d 1107, 1119 (M.D. Fla. 2009) ("In Florida, fraudulent concealment claims and fraudulent misrepresentation claims are identical, and, as such, both involve elements of knowing deception and an intent to deceive."). "Causes of action for fraud, fraudulent misrepresentation, fraudulent inducement and fraudulent concealment have identical elements, which are: (1) false statement of material fact or suppression of truth by the defendant; (2) the defendant knew or should have known the statement was false, or made the statement without knowledge as to truth or falsity; (3) the defendant intended the false statement or omission induce the plaintiff's reliance; and (4) the plaintiff justifiably relied to his detriment." *Grills*, 645 F. Supp. 2d at 1122-23.

As shown in Exhibits C, D, and E—the only exhibits showing Forest Trail representations from its website—the only representations made by Forest Trail were that students all over the

---

[3] In an attempt to portray Forest Trail as attempting to conceal its part of some child labor scheme, Plaintiff alleges: "In fact, after the Jamaican Child Protective Services forcibly withdrew children from ALA, Forest Trail changed its website to remove any trace of their affiliation with ALA." (D.E. ¶ 221). Rather than proving Forest Trail's part in some abhorrent child abuse scheme, the logical inference is that Forest Trail removed any reference to Atlantis when it learned of allegations of abuse there.

world used it, it was nationally and internationally accredited, and that Atlantis is one of eight international institutions it had partnered with to provide educational services. The remaining allegations (*e.g.*, that Forest Trail misrepresented that Atlantis was "a safe place to send their children" and would "protect their children") are entirely conclusory and without any basis in fact. Forest Trail represented nothing more than that it had partnered with Atlantis to provide online educational courses.

Both Counts X and XVI require Plaintiff to allege (with a factual basis) and prove, *inter alia*, that Forest Trail "knew or should have known the statement was false, or made the statement without knowledge as to truth or falsity." The only statements made by Forest Trail were that it partnered with Atlantis to provide educational services. This statement was true; Plaintiff does not allege otherwise. Forest Trail noting on its webpage the various institutions that offer its online courses is not false nor a tort, and does not make it liable for any abuse allegedly committed by Atlantis.

Plaintiff's allegations that Forest Trail misrepresented that Atlantis was "a safe place to send their children," would "protect their children," and "will not hurt your children" are without any factual basis; Plaintiff does not allege how, when, or by whom these alleged representations were made, and the exhibits he attaches in support do not include them. Critically, even assuming these representations had been made, Plaintiff provides zero factual basis to show that Forest Trail knew or should have known they were false—*i.e.*, that they were misrepresentations. Plaintiff offers no support for the conclusory allegations that Forest Trail, a Florida online educational business that sold pre-recorded lessons to Atlantis, could have possibly known of any alleged abuse occurring at the youth center in Jamaica. Plaintiff fails to sufficiently allege that Forest Trail made any representations with "knowing deception and an intent to deceive." *Grills*, 645 F. Supp. At

1119. Similarly, Plaintiff cannot show that any action was induced or justifiably relied on by a false or knowingly concealed statement of Forest Trail.

Counts XIII and XIX allege that Forest Trail engaged in a conspiracy to commit Fraudulent Concealment and Fraudulent Misrepresentation, reciting the prior allegations for these torts and adding that they were part of "a successful conspiracy" amongst the defendants. As Plaintiff's causes of action for Fraudulent Concealment and Fraudulent Misrepresentation fail to state a cause of action, so does his claims for conspiracy to commit these torts. *See In re Palm Beach Fin. Partners, L.P.*, 517 B.R. 310, 346 (Bankr. S.D. Fla. 2013) ("[T]he Plaintiff must allege the elements of civil conspiracy along with the elements of fraudulent concealment in order to properly state a claim for conspiracy to commit fraudulent concealment."). In addition to failing to adequately allege any fraudulent concealment or misrepresentation as discussed above, Plaintiff has failed to adequately allege any conspiracy (including that Forest Trail agreed to any unlawful conduct or even knew such conduct occurred).

### Counts XXIII and XXIV Fail to State Causes of Action for Conduct in Violation of the Trafficking Victim Protection Reauthorization Act, 18 U.S.C. §§ 1589(b), 1595, 2255

In Count XXIII, Plaintiff alleges that all Defendants violated 18 U.S.C. § 1589(b): "Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a),[4] knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished

---

[4] "**(a)** Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means-- **(1)** by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; **(2)** by means of serious harm or threats of serious harm to that person or another person; **(3)** by means of the abuse or threatened abuse of law or legal process; or **(4)** by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d)." 18 U.S.C.A. § 1589.

as provided in subsection (d)." A violation of this statute permits a prison sentence of 20 years. 18 U.S.C.A. § 1589(d). Count XXIV relies upon Count XXIII and § 1589(b), and adds a citation to § 2255, which provides additional damages if a minor is the victim of a violation of § 1589.

Plaintiff's allegations in Count XXIII are that all Defendants participated in enticing, facilitating, transporting, or harboring Plaintiff for child labor through fraud and coercion, and all Defendants benefitted from this venture by receiving "a kick back or bonus" for their participation. (D.E. ¶ 467-91). There are no specific allegations as to Forest Trail. (D.E. ¶ 467-91). In fact, the only allegations in Count XXIII that name specific Defendants are ¶ 475 (alleging that Atlantis and its owners and founders used interstate commerce to recruit minors into forced labor) and ¶ 479 (alleging that Atlantis and staff forced Plaintiff to engage manual labor without compensation).

In *McCullough v. Finley*, 907 F.3d 1324, 1328-29 (11th Cir. 2018), criminal detainees alleged violations of 18 U.S.C. § 1589 based on an alleged scheme in which indigent offenders were forced to sit in jail if they could not pay fines and court costs, then they were forced to participate in a work program in jail to make money and reduce their time in jail, and they were further threatened with more jail time if they refused to work. They alleged that mayors, police chiefs, and judges coordinated the scheme to make money by coercing forced labor and financially benefitted from it. *Id.* at 1239. In reviewing the appeal of the mayor and police chiefs, whose motion to dismiss was denied, the Court began by discarding the conclusory allegations, including "that the mayor 'adopted' and the chiefs 'administered' an unlawful scheme to increase municipal revenue" intentionally and unlawfully. *Id.* at 1333-34. The Court found no specific factual allegations about the mayors and chiefs, such as any facts that would show that they even knew of the scheme or were present at any relevant event, and discarded these allegations as conclusory, and thus found little to no factual allegations to state a plausible claim. *Id.* at 1334-35.

Here, except for the allegations as to the specific forms of abuse committed by Atlantis, all of the allegations are conclusory. There are no factual allegations as to the existence of any venture to use child labor between Atlantis and any codefendant, no factual allegations as to how Forest Trail possibly could have known of this child abuse or purported venture, and no factual allegations as to how Forest Trail could have benefitted from it (aside from the conclusory allegation of "a kick back or bonus," apparently from the minors completing landscaping and cleaning services).[5] The only factual allegations as to Forest Trail are that it provides online educational courses, agreed to provide these courses to Atlantis and to grade students' work in exchange for money per student enrolled, and noted on its website that Atlantis was one of a number of international institutions that utilized Forest Trails' educational services. Perhaps more than the other causes of action, Plaintiff's claims against Forest Trail for child trafficking are absurdly untethered to the factual allegations made.

---

[5] *See Bucco v. W. Iowa Tech Cmty. Coll.*, 555 F. Supp. 3d 628, 642 (N.D. Iowa 2021) (dismissing causes of action under § 1589; "Without details as to who did what, I cannot determine whether the allegations are sufficient to state a TVPRA claim against each defendant."); *see also Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant.").

**WHEREFORE**, Defendant FOREST TRAIL ACADEMY, LLC, respectfully requests that this Court grant this Motion to Dismiss and dismiss Counts I, IV, IX, X, XIII, XVI, XIX, XXIII, and for any other appropriate relief.

Respectfully submitted,

*s/ Scott P. Yount*
Scott P. Yount, FBN: 0021352
George M. Duncan, FBN 1003638
Garrison, Yount, Forte & Mulcahy, L.L.C.
601 Bayshore Blvd., Suite 800
Tampa, Florida 33606
Phone: 813-275-0404
Fax: 813-275-0304
Email: syount@garrisonyount.com
Email: gduncan@garrisonyount.com
Counsel for Forest Trail Academy, LLC